**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SANJAY GOSWAMI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2953 |
| | § | |
| UNOCAL (Now Chevron) | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Sanjay Goswami, proceeding *pro se*, moved that the undersigned recuse. (Docket Entry No. 7). The defendant responded. (Docket Entry No. 12). For the reasons below, the motion is denied.

The legal basis for Goswami's recusal motion, 28 U.S.C. § 455, provides in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Section 455(a) requires a judge to disqualify when "impartiality might reasonably be questioned." *Id.* The Supreme Court has explained that the appearance of impartiality controls the § 455(a) analysis, not whether a judge subjectively believes herself to harbor bias or prejudice. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860–61 (1988). The Fifth Circuit has established three guidelines for courts to follow when applying § 455(a). *Andrade v. Chojnacki*, 338 F.3d 448, 454–55 (5th Cir. 2003). First, courts must use an objective standard for evaluating bias. *Id.* (citing

*Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 948 F.2d 1436, 1448 (5th Cir. 1991)). Second, a court's "review should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents." *Id.* (citing *Sao Paulo State of Federative Rep. of Brazil v. Am. Tobacco Co.*, 535 U.S. 229, 232–33 (2002)). Third, courts must consider the origin of a judge's alleged bias, a consideration that is also known as the "extrajudicial source rule." *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "As articulated by the Supreme Court, this rule more or less divides events occurring or opinions expressed in the course of judicial proceedings from those that take place outside of the litigation context and holds that the former rarely require recusal." *Id.* (footnote omitted). To determine whether recusal is required under § 455(a), courts must decide "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003) (quotation omitted) (emphasis omitted); *see also Liljeberg*, 496 U.S. at 861 (explaining that § 455 requires judicial recusal "if a reasonable person, knowing all the circumstances would expect that the judge would have actual knowledge" of his interest or bias in the case (quotation omitted)).

Goswami's motion "requests [this] court to change the judge as she was already in a previous case (Case No: H-00-0929) against ARAMCO Services Company, filed on September 15, 2000. That case was summarily dismissed by the presiding judge, Ms Lee Rosenthal due to lack of legal representation and very poor errors committed by the judge." (Docket Entry No. 7, at 1 (emphasis omitted)). Goswami refers to *Goswami v. ARAMCO Services Co.*, Civ. A. No. H-00-929, in which this court granted summary judgment for ARAMCO against Goswami, the plaintiff in both that case and the present case. "[J]udicial rulings alone almost never constitute a valid basis for a bias or

2

partiality motion." *Liteky*, 510 U.S. at 541. With no evidence of any extrajudicial source of evidence to support recusal, this court's rulings are insufficient to establish any appearance of impartiality. *See In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 929 (2d Cir. 1980) (explaining that trial judges must be free to make rulings on the merits without apprehension that a disproportionate number in favor of one litigant may create the impression of bias).

Gowsami's only extrajudicial-source allegations are that the undersigned "seems to be pro-corporate, biased and having a Republican leaning," and that Goswami might "be judged based on his skin color." (Docket Entry No. 7, at 1–2). When no extrajudicial source is involved, judicial rulings may serve as the basis for disqualification only "in the rarest of circumstances," in which rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. There is no such evidence here. An objective third party aware of all the facts could not reasonably question the court's impartiality.

To the extent Goswami's motion could be read to allege that the undersigned is personally biased or prejudiced toward him, the undersigned need not recuse. *See* 28 U.S.C. § 455(b)(1). "Subsection (b)(1) pertains to specific instances of conflicts of interest, while subsection (a) deals with the appearance of partiality generally." *Andrade*, 338 F.3d at 454. The extrajudicial-source rule applies to subsection 455(b)(1). *E.g.*, *United States v. Randall*, 440 F. App'x 283, 286 (5th Cir. 2011); *see also Liteky*, 510 U.S. at 550 ("The 'extrajudicial source' doctrine . . . appli[es] . . . to the terms 'bias' and 'prejudice' as they are used in §§ 144 and 455(b)(1) with specific reference to the work of judges."). Goswami alleges no source of the undersigned's purported personal bias against and prejudice toward him other than this court's prior ruling against him.

The motion for recusal is denied.

SIGNED on December 20, 2012, at Houston, Texas.

                                                        Lee H. Rosenthal
                                            United States District Judge